**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **PRESTON G. DEMOUCHET, JR.** <br> **LA. DOC #90331** <br> **VS.** | **CIVIL ACTION NO. 06-0239** <br><br> **SECTION P** |
| **N. BURL CAIN, WARDEN, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 on February 13, 2006 by *pro se* plaintiff Preston G. Demouchet, Jr. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Louisiana State Penitentiary, in Angola. In this action, Demouchet claims that he is being falsely imprisoned because the method used to select grand jury fore-persons at the time of his indictment was subsequently determined to be unconstitutional.

Plaintiff applied for permission to proceed *in forma pauperis* (*ifp*) on February 13, 2006. Among other things, the *ifp* application asked the following question: "Have you on any prior occasion, while incarcerated or detained in any prison, jail, or other facility, brought an action in federal court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted?" Plaintiff answered the question in the negative. [Doc. 2, p. 3, Question 7]. In his Complaint, plaintiff similarly answered "no" to the query, "Have you begun any other lawsuit while

incarcerated or detained in any facility?" [Doc. 1-1, paragraph I(A)]. On February 17, 2006, plaintiff was granted leave to proceed *ifp*. [Doc. 3].

Contrary to plaintiff's assertion, the records of this court and of the United States District Court for the Middle District of Louisiana indicate that Demouchet has filed numerous civil rights actions, of which more than three were dismissed as frivolous, for failing to state a claim upon which relief may be granted, or as seeking monetary damages from defendants who are immune from suit as provided for by 28 U.S.C. §1915(e)(2)(B)(i),(ii), and (iii).[1] Moreover, this court has previously revoked Demouchet's *ifp* status and dismissed his civil rights complaint pursuant to 28 U.S.C. §1915(g). *Demouchet v. Boudreaux, et al.*, No. 6:99-cv-2318 (United States District Court, Western District of La.). Furthermore, because Demouchet had filed numerous second and successive habeas corpus actions in this court without first seeking authorization in the Fifth Circuit, this court sanctioned plaintiff and ordered him to "obtain prior judicial approval for all future *pro se* filings." *Demouchet v. Cain,* No. 6:01-cv-0931 (United States District Court, Western District of La.).

---

[1] See *Demouchet, et al. v. Boudreaux, et al.* No. 6:98-cv-1063 (United States District Court, Western District of La.) (dismissed as frivolous and as failing to state a claim upon which relief may be granted on April 8, 1999); *Demouchet v. Stalder, et al.*, No. 6:99-cv-00419 (United States District Court, Western District of La.) (dismissed as frivolous and as failing to state a claim upon which relief may be granted on June 22, 1999); and, *Demouchet v. Bonvillian, et al.*, No. 3:96-cv-7332 (United States District Court, Middle District of La.) (dismissed as frivolous, as failing to state a claim upon which relief may be granted and seeking monetary damages against defendants who are immune on October 18, 1996). See also *Demouchet v. Boudreaux, et al.*, No. 6:99-cv-2318 (United States District Court, Western District of La.) at Doc. 4, wherein then United States Magistrate Judge Pamela A. Tynes documented plaintiff's history of frivolous civil rights lawsuits.

2

28 U.S.C. §1915(g) provides as follows:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless, the prisoner is under imminent danger of serious physical injury.

As discussed above, the records of this court and the United States District Court for the Middle District of Louisiana clearly demonstrate that Demouchet "on three or more prior occasions, while incarcerated or detained in any facility, brought an action [i]n a court of the United States that was dismissed on the grounds that it is frivolous ...." Plaintiff does not allege (nor do his pleadings remotely suggest) that he is under imminent danger of serious physical harm. Accordingly, Demouchet's permission to proceed *in forma pauperis* in this matter should be revoked and his lawsuit dismissed without prejudice. *Adepegba v. Hammons,* 103 F.3d 383, 386-87 (5th Cir. 1996); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462 (5th Cir. 1998). Therefore;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g) and that his permission to pursue this action *in forma pauperis* be **REVOKED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party

3

may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,*
*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on March 29, 2006.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE